TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JAMES C. HUGHES (Cal. Bar No. 263878)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2579
    Facsimile: (213) 894-6269
    E-mail:   james.hughes2@usdoj.gov
BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
    Ronald Reagan Federal Building, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3598
    Facsimile: (714) 338-3708
    Email: Brett.Sagel@usdoj.gov

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 21-00065-DOC |
|---|---|
| Plaintiff, | GOVERNMENT'S TRIAL MEMORANDUM |
| v. | Trial Date:   March 22, 2022 |
| JOHN W. RAMPELLO, | Trial Time:   8:30 am<br>Location:   Courtroom of the<br>Hon. David O.<br>Carter |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys James C. Hughes and Brett A. Sagel, hereby submits its trial memorandum for this case.

///

///

///

The government respectfully requests leave to file additional memoranda as may become appropriate before or during the course of trial.

Dated: March 18, 2022           Respectfully submitted,

                                TRACY L. WILKISON
                                United States Attorney

                                SCOTT M. GARRINGER
                                Assistant United States Attorney
                                Chief, Criminal Division


                                      /s/
                                _____
                                JAMES C. HUGHES
                                BRETT A. SAGEL
                                Assistant United States Attorney

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA

# **TABLE OF CONTENTS**

DESCRIPTION                                                                 PAGE

TABLE OF AUTHORITIES..............................................ii

TRIAL MEMORANDUM...................................................1

I.    STATUS OF THE CASE...........................................1

      A.    Indictment.............................................1

      B.    Discovery..............................................1

      C.    Trial..................................................1

      D.    Pretrial Motions.......................................2

      E.    Jury Instructions......................................2

II.   THE CHARGED OFFENSES.........................................2

      A.    Governing Statutes.....................................2

      B.    Elements of the Offenses...............................3

III.  STATEMENT OF FACTS...........................................4

IV.   LEGAL AND EVIDENTIARY ISSUES.................................7

      A.    Exclusion of Evidence Regarding Unproven Allegations
            of Misconduct Against Non-Testifying Government Agent.....7

      B.    Exclusion of Proposed Defense Expert Witness Testimony....7

      C.    Issues Regarding Other Expert Testimony...................8

      D.    Rule 404(b) Evidence Offered Against Defendant...........9

      E.    Defendant's Admissions..................................10

      F.    Cross-Examination of Defendant..........................11

      G.    Originals and Duplicates................................12

V.    CONCLUSION..................................................12

i

**TABLE OF AUTHORITIES**

DESCRIPTION                                                                PAGE

**CASES**

Cheek v. United States;

498 U.S. 192, 201 (1991)...............................................4

Fitzpatrick v. United States,

178 U.S. 304 (1971)...................................................11

McGautha v. California,

402 U.S. 183, 215 (1971)..............................................11

United States v. Black,

767 F.2d 1334, 1341 (9th Cir. 1985)...................................11

United States v. Cuozzo,

962 F.2d 945, 948 (9th Cir. 1992).....................................11

United States v. Fernandez,

839 F.2d 639 (9th Cir. 1988)..........................................11

United States v. Horner,

853 F.3d 1201, 1212 (11th Cir. 2017)...................................8

United States v. Mehrmanesh,

682 F.2d 1303, 1310 (9th Cir. 1982)...................................12

United States v. Miranda-Uriarte,

649 F.2d 1345, 1353-54 (9th Cir. 1981)................................12

United States v. Ortega,

203 F.3d 675, 681-82 (9th Cir. 2000)..................................11

United States v. Smith,

893 F.2d 1573, 1529 (9th Cir. 1990)...................................12

United States v. Soliman,

813 F.2d 277, 279 (9th Cir. 1987).....................................10

United States v. St. Pierre,

**TABLE OF AUTHORITIES (CONTINUED)**

<u>DESCRIPTION</u>                                                                      <u>PAGE</u>

599 F.3d 19, 22-23 (1st Cir. 2010)....................................8

**FEDERAL STATUTES**

26 U.S.C. § 7206(2).......................................1, 2, 3, 4

26 U.S.C. § 7206(1).......................................1, 2, 3, 4

**CONSTITUTIONAL PROVISIONS**

Fed. R. Evid. 1003...................................................12

Fed. R. Evid. 611(b).................................................11

Fed. R. Evid. 801(d)(2)(A).......................................10, 11

**OTHER AUTHORITIES**

Ninth Circuit Model Criminal Jury Instructions,

No. 22.3 (2022 ed.)...................................................4

Ninth Circuit Model Jury Instructions,

No. 22.4 (2022 ed.)................................................4, 5

1

**TRIAL MEMORANDUM**

2  **I.   STATUS OF THE CASE**

3      **A.   Indictment**

4      On April 14, 2021, the grand jury returned a three count

5  Indictment charging defendant JOHN W. RAMPELLO ("defendant") with

6  subscribing to false federal income tax returns in violation of 26

7  U.S.C. § 7206(1) (Counts One and Two) and aiding and assisting in the

8  preparation of a false federal income tax return in violation of 26

9  U.S.C. § 7206(2) (Count Three).

10      **B.   Discovery**

11      The government has produced over 328,000 pages of records to

12  defense counsel, including investigation reports, certified tax

13  returns and IRS transcripts, audit files, bank records, IRS emails

14  and correspondence, and the business records of defendant and his

15  business partner.

16      Defense counsel has produced approximately 192 pages of

17  reciprocal discovery. The discovery produced by defendant to date is

18  primarily comprised of spreadsheets and computations prepared by

19  defendant's proposed expert witness in the field of tax and

20  accounting, certified public accountant Gary Howard ("Howard").

21      **C.   Trial**

22      Trial Date:  Jury trial is currently set scheduled for March 22,

23  2022, at 8:30 a.m., before the Honorable David O. Carter, United

24  States District Judge.

25      Estimated time:  The estimated time for the government's case-

26  in-chief is three days.  The government anticipates calling up to

27  fourteen witnesses in its case-in-chief.

28

### D.   Pretrial Motions

On March 13, 2022, the government filed a motion in limine seeking to exclude the expert testimony of proposed defense witness, Arthur Dellinger, CPA, regarding professional responsibility standards applicable to accountants and tax return preparers.  (Dkt. 28). Notice of Dellinger's proposed testimony was provided to the government on March 9, 2022. Id.

On March 15, 2022, the government filed a motion in limine to exclude questions, evidence, or reference to pending criminal charges against Internal Revenue Service – Criminal Investigation Special Agent Brad Harker ("SA Harker"), the former case agent in the investigation and prosecution of defendant. (Dkt. 29). SA Harker has been charged in Orange County Superior Court with perjury and submitting false evidence, but will not be called as a witness in the government's case in chief. Id. The government believes that evidence related to the unproven allegations against SA Harker is both irrelevant and unfairly prejudicial.

### E.   Jury Instructions

The parties are currently working on joint proposed and disputed jury instructions and hope to have finalized versions filed before the parties' status conference on March 21, 2022.

## II.   THE CHARGED OFFENSES

### A.   Governing Statutes

Title 26, United States Code, Section 7206(1) provides, in pertinent part, that anyone who willfully signs, under penalty of perjury, a federal income tax return that "he does not believe to be true and correct as to every material matter" shall be guilty of a felony.  Section 7206(2), in turn, makes it a felony to "aid, assist,

procure, counsel, or advise" in the preparation or presentation of a materially false federal income tax return.

**B.   Elements of the Offenses**

<u>26 U.S.C. § 7206(1)</u>

The elements of a violation of 26 U.S.C. § 7206(1) are as follows:

1.   The defendant signed and filed a tax return for the charged year that he knew contained false information as to a material matter;

2.   The return contained a written declaration that it was being signed subject to the penalties of perjury; and

3.   The defendant acted willfully in filing the false return. Ninth Circuit Model Criminal Jury Instructions, No. 9.39 (2022 ed.) [Filing False Tax Returns; modified to include false statement definition]

<u>26 U.S.C. § 7206(2)</u>

The elements of a violation of 26 U.S.C. § 7206(2) are as follows:

1.   Defendant aided, assisted, advised, procured, or counseled another person in the preparation and presentation to the Internal Revenue Service of an income tax return, that was false or fraudulent;

2.   The income tax return was subsequently filed with the Internal Revenue Service;

3.   The income tax return was false as to any material matter necessary to a determination of whether income tax was owed; and

4.   Defendant acted willfully.

3

Ninth Circuit Model Jury Instructions, No. 9.40 (2022 ed.) [Elements - Aiding or Advising False Income Tax Return] (Modified to reflect holding of United States v. Dahlstrom, 713 F.2d 1423, 1429 (9th Cir. 1983)).

### Materiality

Both Section 7206(1) and 7206(2) require that the false tax return in question be false as to a "material matter."  26 U.S.C. §§ 7206(1),(2).  "A matter is material if it [has] a natural tendency to influence or [is] capable of influencing, the decisions or activities of the Internal Revenue Service."  Ninth Circuit Model Jury Instructions, No. 22.3, [Elements – Filing False Tax Returns]; No. 22.4 [Elements - Aiding or Advising False Income Tax Return] (2022 ed.).

### Willfulness

Both charged statutes require that a defendant act willfully in signing and/or advising in the preparation of a materially false return.  26 U.S.C. §§ 7206(1), (2).  Willfulness in this context refers to a violation of a known legal duty.  Cheek v. United States; 498 U.S. 192, 201 (1991).

## III. STATEMENT OF FACTS

The government expects that the evidence at trial will establish the following facts, among others:

### Defendant's House-Flipping Income

Defendant is an established real estate flipper operating primarily in Orange County, California. Since the mid-1990's, defendant and his business partner, Ron Elter ("Elter"), have built a successful business purchasing foreclosed properties at auction and selling the homes on the open market for a profit.  During the years

2014 through 2016, defendant, Elter, and their co-investor, Gary Vecchio, sold approximately 170 residential properties.

During the years at issue, defendant and Elter maintained records detailing their investments and returns on each home purchase.  For virtually every property bought and sold, Elter and Rampello would maintain the following records: 1) auction slips showing the amount paid to acquire the property; 2) contribution summaries listing the individuals who participated in the purchase, and their respective contributions; 3) cost spreadsheets detailing the amounts paid to improve the property; 4) escrow paperwork showing the amount for which the property sold and the division of the proceeds; and 5) profit sheets calculating each investor's share of the total profits realized from the sale of the property.  Based on a review of the abovementioned business records and other documentation, the government has determined that defendant realized net profits of approximately $2,125,338 from the sale of flipped homes during the periods at issue (2014 - $500,728, 2015 - $768,589, 2016 - $856,021.94).

Defendant's Filing of False Tax Returns

Defendant timely filed individual federal income tax returns for his 2014, 2015, and 2016 taxable years. On his returns, defendant reported income and losses stemming from a variety of sources including interest payments, social security, sales of business property, rental real estate holdings, business income from two real estate businesses, and flow-through income from various rental real estate partnerships held by defendant and Elter.  However, defendant omitted the hundreds of thousands of dollars in profits he received every year from his real estate flipping enterprise.  As a result,

defendant's total income and reported tax liabilities were substantially understated for each of the 2014, 2015, and 2016 taxable years.

Defendant's failure to report his house flipping income was the result of his own willful and deliberate action rather than mere negligence or mistake. Every year defendant would provide his accountants with documentation and schedules detailing his various income and expense items, and every year defendant omitted from these disclosures any and all information regarding his house flipping profits, despite the fact that such profits constituted the vast majority of defendant's income.  Indeed, defendant never informed his personal income tax return preparer, Agle, that defendant was in the house flipping business, nor did defendant question Agle regarding whether he needed to report income from his house flipping activities on his income tax return.  Simply put, defendant deliberately concealed his house flipping income from his accountants in an effort to secure false tax returns understating his federal income tax liabilities.

Defendant's 2014, 2015, and 2016 individual federal income tax returns were electronically filed with the IRS.  Defendant signed the abovementioned federal income tax returns by executing an IRS Form 8879, E-File Signature Authorization, each year and providing the authorization to his personal income tax return preparer, Agle. The government has secured copies of defendant's signed E-File signature authorizations for his 2014 and 2015 federal income tax returns but has been unable to obtain a copy of the relevant form for defendant's 2016 tax year.  Accordingly, defendant is charged with two counts of subscribing to false tax returns for his 2014 and 2015 taxable years,

1  and one count of aiding in the preparation and presentation of a

2  false tax return for his 2016 taxable year.

3  **IV.  LEGAL AND EVIDENTIARY ISSUES**

4      **A.   Exclusion of Evidence Regarding Unproven Allegations of
              Misconduct Against Non-Testifying Government Agent**
5

6      The government has filed a motion in limine to exclude

7  questions, evidence, or reference to pending criminal charges against

8  Internal Revenue Service – Criminal Investigation Special Agent Brad

9  Harker, the former case agent in the investigation and prosecution of

10 defendant. (Dkt. 29). SA Harker has been charged in Orange County

11 Superior Court with perjury and submission of false evidence related

12 to representations made by SA Harker in a child support hearing.

13 Although, evidence of these unproven allegations might be relevant

14 for impeachment purposes, the government does not intend to call

15 Harker as a witness in its case-in-chief.  The government therefore

16 believes that putting evidence of the pending charges against SA

17 Harker before the jury would be an irrelevant sideshow designed

18 solely to unfairly prejudice the government. For the reasons stated

19 in the government filing, the Court should exclude any questions,

20 evidence, or reference to the charges.

21     **B.   Exclusion of Proposed Defense Expert Witness Testimony**

22     The government has filed a motion to exclude the testimony of

23 proffered defense witness Arthur Dellinger ("Dellinger"). Dellinger

24 has been proffered by the defense as an expert witness on the subject

25 of the professional responsibility obligations of accountants and tax

26 preparers.  As the government has made clear in its motion to exclude

27 Dellinger's testimony, the government believes that Dellinger's

28 proffered testimony is irrelevant, confusing, and unduly prejudicial.

(Dkt. 28). Specifically, the government does not believe that the proffered testimony regarding accounting standards and regulations not relied on by, or even known to, defendant has any relevance to the jury's assessment of defendant and would almost certainly mislead and confuse the jury. See United States v. Horner, 853 F.3d 1201, 1212 (11th Cir. 2017) (duties of tax preparers not relevant to the defendant taxpayer's good faith reliance defense for 26 U.S.C. § 7206(2) assisting in the preparation of false tax returns and § 7206(1) filing false tax returns charges); United States v. St. Pierre, 599 F.3d 19, 22-23 (1st Cir. 2010) (affirming exclusion under Rule 403 of defense accounting standards expert because this testimony, "by shifting the focus to whether the accountants were doing a good job, did have a potential to confuse and mislead a jury— precisely because her accountants' failure to prevent the fraud would not be a defense").

## C.    Issues Regarding Other Expert Testimony

Defendant initially advised the government by letter on February 24, 2022, that defendant may seek to call Gary Howard, CPA, as an expert witness on various topics, and defendant provided documents purportedly in support of Mr. Howard's proposed testimony.  In response, the government informed defendant that the government believed defendant's expert disclosure was lacking, namely that although it named various topics about which Mr. Howard may testify, it omitted any description of the substantive opinions that Mr. Howard would offer at trial, what bases Mr. Howard has for whatever opinions he would express, or the underlying records upon which he would be relying.  The government asked defendant to supplement his disclosure or the government would be required to file a motion in

limine to exclude the expert.  The government has expressed to
defendant that there may be a basis for Mr. Howard to testify as an
expert, however, the government is still waiting on a proper expert
disclosure that express the nature of Mr. Howard's opinions and the
bases and reasons for those opinions as required under Federal Rule
of Criminal Procedure 16(b)(1)(C).  Moreover, the government has also
informed defendant that we would object to several of the areas of
testimony to which defendant has stated he would attempt to have his
expert testify, including having his expert testify to defendant's
"beliefs."  Although defendant has sent various supplemental
disclosures regarding to Mr. Howard on March 3, 2022, March 14, 2022,
March 15, 2022, and March 16, 2022, the government still believes the
disclosures are lacking.  If defendant fails to properly disclose the
necessary information pursuant to Rule 16(b), the government may need
to object to his calling of Mr. Howard.  The government, at a
minimum, believes the parties will need to address the scope and
content of Mr. Howard's testimony with the Court prior to Mr. Howard
testifying.

### D.    Rule 404(b) Evidence Offered Against Defendant

At trial the government may seek to introduce evidence of
understatements of income made by defendant on tax returns filed for
periods predating the periods at issue in this case. Defendant was
provided with notice of the government's intent to introduce the
abovementioned evidence via a disclosure letter on May 24, 2021.

The evidence that the government may seek to introduce includes
materials regarding defendant's failure to report income from the
purchase and sale of real properties for the taxable years 2012 and
2013. Such evidence includes the following items: 1) bank statements

9

for accounts held and/or controlled by defendant; 2) business records for GRE Development showing properties sold by defendant and Ron Elter and their respective profit shares; 3) title/escrow documents regarding the aforementioned sales; 4) disclosures made by defendant to Pacific Enterprise Bank for the 2012 and 2013 calendar years including income realized by defendant from home flipping; and 5) records provided by defendant to his tax return preparers related to the subject tax periods. The government believes the aforementioned evidence of such uncharged conduct "should not be treated as 'other crimes' evidence [because] the evidence concerning the other act and the evidence concerning the crime charged are inextricably intertwined." United States v. Soliman, 813 F.2d 277, 279 (9th Cir. 1987) (internal quotations, punctuation, and citation omitted). Indeed, evidence of defendant's receipt of unrecognized income in prior periods is directly relevant to the determination of the accuracy of the tax returns at issue in this case, as defendant claimed false net operating losses on his 2014 and 2015 federal income tax returns that were not available based on his receipt of substantial income in prior periods. Moreover, to the extent the uncharged conduct is "other act" evidence, such evidence is admissible to show defendant's intent, preparation, plan, knowledge, absence of mistake, and lack of accident.

### E.   Defendant's Admissions

The government intends to offer into evidence out-of-court statements made by defendant.  Statements by a party opponent are admissible non-hearsay.  Fed. R. Evid. 801(d)(2)(A).  Moreover, a defendant's statement is admissible only if offered against him; a defendant may not elicit his own prior statements. Fed. R. Evid.

801(d)(2)(A); <u>United States v. Fernandez</u>, 839 F.2d 639 (9th Cir. 1988).  When the government admits a portion
of defendant's prior statement, defendant may not put in his additional out-of-court statements because such statements are hearsay when offered by defendant.  Fed. R. Evid. 801(d)(2); <u>Fernandez</u>, 839 F.2d at 640; <u>United States v. Ortega</u>, 203 F.3d 675, 681-82 (9th Cir. 2000) (defendant prohibited from eliciting his own exculpatory statements during cross examination of government agent).

### F.   Cross-Examination of Defendant

A defendant who testifies at trial waives his right against self-incrimination and subjects himself to cross-examination on all matters reasonably related to the subject matter of his testimony. <u>See, e.g.</u>, <u>Fitzpatrick v. United States</u>, 178 U.S. 304 (1971) ("The defendant cannot assert a self-incrimination privilege 'on matters reasonably related to the subject matter of his cross-examination.'"); <u>McGautha v. California</u>, 402 U.S. 183, 215 (1971), vacated in part on other grounds, 408 U.S. 941 (1972). The scope of a defendant's waiver is co-extensive with the scope of relevant cross-examination.  <u>United States v. Cuozzo</u>, 962 F.2d 945, 948 (9th Cir. 1992); <u>United States v. Black</u>, 767 F.2d 1334, 1341 (9th Cir. 1985) ("What the defendant actually discusses on direct does not determine the extent of permissible cross-examination or his waiver. Rather, the inquiry is whether 'the government's questions are reasonably related' to the subjects covered by the defendant's testimony.") (internal quotations and citation omitted).  The scope of cross-examination is within the discretion of the trial court. Fed. R. Evid. 611(b).  Defendant has no right to avoid cross-examination on matters that call into question his claim of

11

1  innocence.  <u>United States v. Mehrmanesh</u>, 682 F.2d 1303, 1310 (9th

2  Cir. 1982); <u>United States v. Miranda-Uriarte</u>, 649 F.2d 1345, 1353-54

3  (9th Cir. 1981).

4       **G.   Originals and Duplicates**

5      A duplicate is admissible to the same extent as an original

6  unless (1) a genuine question is raised as to the authenticity of the

7  original, or (2) under the circumstances, it would be unfair to admit

8  the duplicate instead of the original. <u>See</u> Fed. R. Evid. 1003;

9  <u>United States v. Smith</u>, 893 F.2d 1573, 1529 (9th Cir. 1990).

10 **V.   CONCLUSION**

11     The government respectfully requests permission to file

12 additional trial memoranda if necessary.