Chad D. Nardiello, Bar No. 224837
Chad@nt-llp.com
NARDIELLO TURANCHIK LLP
1880 Century Park East, Suite 716
Los Angeles, CA 90067
(310) 201-0123 Tel
(310) 201-0126 Fax

Benjamin L. Tompkins, Cal. Bar. No. 305024
ben@kennyhertzperry.com
KENNYHERTZ PERRY, LLC
2000 Shawnee Mission Pkwy, Ste. 210
Mission Woods, KS 66205
Tel: 816-527-9447
Fax: 855-844-2914

Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JOHN W. RAMPELLO,<br><br>　　　　Defendant. | No. CR 8:21-00065-DOC<br><br>DEFENDANTS RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY OF ARTHUR DELLINGER<br><br>Hearing Date: March 22, 2022<br>Hearing Time: 8:30 AM<br>Location: Courtroom of the<br>Hon. David O. Carter<br><br>**Trial Date: March 22, 2022** |

　　　　Defendant John W. Rampello ("Defendant"), both individually and by and through his counsel of record, Chad Nardiello, and Benjamin L. Tompkins, opposes the government's motion to exclude the expert testimony of Arthur Dellinger, CPA.

**INTRODUCTION**

　　　　Defendant is charged with two violations of filing false

tax returns in violation of 26 U.S.C. § 7206(1), and one count of aiding or assisting in the preparation and presentation of a false tax return in violation of 26 U.S.C. § 7206(2). Trial is scheduled to begin on March 22, 2022.

In addition to disclosing the expert testimony of Gary Howard and providing multiple supplemental disclosures to address issues raised by the government, including those with the Declaration of James Hughes (including exhibits) and others provided after the motion, Defendant disclosed the testimony of Defendant's rebuttal expert, Arthur Dellinger, CPA. The government moved to exclude this possible rebuttal testimony. The motion raises three main arguments: (i) Mr. Dellinger is not a rebuttal expert, and therefore, the Fed. R. Cr. P. 16 requirements are applicable to his disclosure; (ii) the content of the Dellinger disclosure is insufficient pursuant to Rule 16; and (iii) such testimony is irrelevant and would lead to misleading and/or confusing the jury.

On Monday, March 14, 2022, Assistant United States Attorney James Hughes notified counsel for the Defendant that the government would be moving to exclude Mr. Dellinger's testimony since the government asserted it "has no relevance and would almost certainly mislead and confuse the jury."  AUSA Hughes and Attorney Nardiello then had a telephonic conference. Again, in that conference, AUSA Hughes only raised the relevance issue. Thus, defense counsel was surprised when it learned that the government was also moving to exclude the testimony for failing to comply with Rule 16. After reviewing the government's motion, on March 15, 2022, Defendant sent a letter to AUSA Hughes in an attempt to clarify points and address issues he raised concerning

the disclosure requirements under Fed. R. Crim. P. 16. While Defendant believed he previously complied with any disclosure obligations, Defendant addressed the government's concerns as he has done previously with the supplemental disclosures of Mr. Howard's testimony. *See* Def. Ex. A filed herewith (Defendant's initial Dellinger disclosure dated March 9, 2022, and his follow-up letter dated March 15, 2022).

### A. Defendant Complied with Rule 16

Defendant's March 9 disclosure complied with Rule 16 and has certainly further complied through his March 15, 2022 letter. "Rule 16(b)(1)(C) allows the government to obtain information regarding a defendant's expert witness. 'At the government's request," Rule 16 requires the defendant to disclose a summary consisting of the witnesses' opinions, the bases and reasons for those opinions, and the witnesses' qualifications.'" *United States v. Finley*, 301 F.3d 1000, 1016 (9th Cir. 2002). If a defendant provides the minimum requirements provided for under Rule 16, *i.e.*, the opinion, the reasons for the opinion and the underlying basis, that defendant has satisfied any expert disclosure obligation. Even if the government would like more information that desire is not a reason to require more than the Rule requires.

By providing Mr. Dellinger's opinion, the reasons for the opinion and the underlying basis through two separate disclosures, Defendant satisfied Rule 16(b)(1)(C). *See Finley*, 301 F.3d at 1017 (providing the general information required under the Rule satisfies disclosure obligations even if the disclosure does not provide the government with all the information it would like); *United States v. Larkin*, No. 2:12-CR-319 JCM GWF, 2015 WL 3555295, at *3 (D. Nev. June 5, 2015) (in

structuring and tax evasion trial and in relying in part on *Finley*, Defendant satisfied Rule 16 by providing "at least a single paragraph summary for each witness describing his opinions and the basis for those opinions" and "the curriculum vitae for each proposed witness, depicting the experts' qualifications").

Plaintiff's reasons lack merit.

**Response to Plaintiff's Point 1:**

Plaintiff alleges that Defendant failed "to provide any information as to what specific actions and inquiries 31 C.F.R. §10.22 requires" and how Travis Agle and Jack Runyan failed to meet them. As it pertains to this case, section 10.22 states:

> "A practitioner must exercise due diligence -
>
> (1) In preparing or assisting in the preparation of, approving, and filing tax returns, documents, affidavits, and other papers relating to Internal Revenue Service matters"

Section 10.22 is clear in what it requires. When a preparer prepares and files a tax return with the IRS, he or she must exercise due diligence. As Defendant stated in his March 9 disclosure, due diligence here includes "the obligation to understand the sources and amounts of income earned by a client, as well as his business and investment interests in advance of signing and filing a client's tax return." Agle and Runyan failed to meet this requirement because, as stated in Defendant's March 9 disclosure, they failed "to ask required questions so as to meet their obligations." By way of example, Agle and/or Runyan should have had a discussion with Defendant in which they asked him about the sources of his income. But it appears that this did not occur. If not, it would underpin a violation of section 10.22.

**Response To Plaintiff's Point 2:**

Plaintiff also alleges that Defendant failed to disclose "the bases and reasons" for Mr. Dellinger's opinion that Agle and Runyan failed to meet the professional responsibility standards.

The starting point is Mr. Dellinger's opinion: Agle and Runyan failed to meet the professional responsibility standards. The bases for the opinion are as follows. Section 10.22 requires that a return preparer exercise due diligence in preparing and filing a tax return with the IRS. Additionally, section 10.22 requires a preparer to gain an understanding of a client's income sources and business interests, as Defendant stated in its March 9 disclosure.

As for the reasons for Mr. Dellinger's opinion, those were also stated in Defendant's March 9 disclosure. In particular, the disclosure stated: "the accountants' fail[ed] to ask required questions so as to meet their obligations." The Defendant's March 15 letter provided additional information that should provide the government with more information regarding the reasons pertaining to Mr. Dellinger's testimony. *See* Def. Ex. A. Defendant believes that Messrs. Agle and Runyan will testify at trial to not having asked the relevant questions about income sources and business interests. Once that occurs, the "reasons" for Mr. Dellinger's opinion would materialize. Simply put, Defendant's notice meets the requirements of Rule 16(b)(1)(C) where it provided the general nature of Mr. Dellinger's testimony. *See Finley*, 301 F.3d at 1017.

Moreover, even if Defendant's disclosure did not meet Rule 16's requirements, exclusion is not necessarily the appropriate remedy. *See*

5

*Finley*, 301 F.3d at 1018 (noting that discovery violation should result in exclusion only where willful, blatant, and deliberate). There is nothing to suggest that the March 9 disclosure satisfies this standard. Indeed, Defendant attempted in good faith to address the government's concerns through his March 15 letter. As such, the testimony of Mr. Dellinger should not be excluded if there is no willful, blatant, or other egregious violation of Rule 16.

### B. This Court should reject Plaintiff's argument where AUSA Hughes failed to confer in good faith on the sufficiency of the disclosure

Especially given the lack of any bad faith, this Court should also reject Plaintiff's argument since AUSA Hughes failed to mention it either in his March 14 email or in his teleconference with Attorney Nardiello. Def. Ex. A. In the required conference prior to Plaintiff filing the motion, AUSA Hughes did not raise point two, *i.e.*, the sufficiency of the disclosure, and thus, Defendant did not have the opportunity to address it. Nor did Plaintiff provide Defendant with the opportunity to supplement its disclosure. Had Plaintiff afforded Defendant the opportunity to supplement, as Plaintiff has with Mr. Howard, Defendant would surely have done so. But Plaintiff never asked. Regardless, Defendant has now further explained his March 9 disclosure, and combined these two letters should be sufficient for Rule 16 purposes.

### C. Whether Mr. Dellinger's testimony is rebuttal or not is moot

While Defendant continues to believe Mr. Dellinger is a rebuttal expert such that disclosure is not required, Defendant chose to take the more transparent approach and disclose Mr. Dellinger in advance of trial. Because Defendant has satisfied any obligation under Rule 16,

6

the issue of whether Mr. Dellinger is a rebuttal expert is moot. In electing to disclose Mr. Dellinger almost two weeks before trial, Defendant elected to provide notice to the government that there could be this expert called to rebut any testimony provided by Agle or Runyon. Nothing further is needed on this issue.

### D. Mr. Dellinger's testimony is relevant, and the government has not established it should be excluded under Fed. R. Evid. 403

Plaintiff moves to exclude the testimony of Mr. Dellinger as irrelevant, highly prejudicial and an attempt by Defendant to confuse the jury. In essence, without contradicting the opinions offered in the Defendant's expert disclosure, Plaintiff argues that it is irrelevant whether the accountants who prepared returns during the years at issue – Agle and Runyan – complied with the requirements of 31 C.F.R. § 10.22. Instead, Plaintiff asserts that whether the Defendant is willful is the only real issue that matters. Plaintiff misconstrues the case.

Initially, the Defendant believes the relevance of this material will be made clear during the trial when defense strategy is further revealed. The Defendant will be putting on a good faith defense. The necessity of such a defense is that he acted in good faith and without the requisite willful intent. *United States v. Bishop*, 291 F.3d 1100, 1106 (9th Cir. 2002) ("The rationale behind the subjective standard in Cheek is to avoid criminalizing unwitting violations of the complicated and extensive tax laws"). An important aspect of this defense is that the Defendant was not put on notice by either Agle or Runyon that he was doing anything wrong, especially when they failed to comply with

the requirements of 31 C.F.R. § 10.22. Mr. Dellinger's testimony will aid in this defense.

In support, the government primarily relies on three cases. All are distinguishable. First, the case cited from the Ninth Circuit undercuts the government's argument that any testimony or evidence that the accountants violated applicable accounting standards is irrelevant and will only create jury confusion. In that case, the Ninth Circuit affirmed the exclusion of an expert after the defendant had the opportunity to cross-examine the accountants on the accounting standards and elicited similar testimony to what the proposed expert would have provided. *See United States v. Scholl*, 166 F.3d 964, 973 (9th Cir. 1999), as amended on denial of rehearing and suggestion of rehearing en banc (1999) (defendant was allowed to challenge whether an "accountant exercised the proper standard of care").

In *Scholl*, the district court specifically allowed into evidence "a document published by the American Institute of Certified Public Accountants entitled 'Statements on responsibilities in Tax Practice,' which detailed the 'appropriate standards of tax practice outlining the extent of a CPA's responsibilities to the clients, the public, the Government and the profession,' and had engaged in lengthy cross-examination of his accountant with respect to these guidelines and accounting standard of care in general." *Id*. at 973-74. Because the jury already heard about the standards of care and cross-examination on the topic, the Ninth Circuit concluded that the Court did not err in precluding additional expert testimony on the subject. *Id*. at 974. In allowing the cross-examination of accounting standards, the court is implicitly rejecting the notion that any such testimony is

irrelevant or would result in jury confusion.  Also, in that case, the accountant testified that he discussed with the defendant that he needed to report both gambling winnings and losses and could not net them out and avoid having them put on the return. *Id.*

Furthermore, the First Circuit's opinion in *St. Pierre* is distinguishable based upon the good faith defense that will be made clear at trial. *See United States v. St. Pierre*, 599 F.3d 19, 22-23 (1st Cir. 2010). In *St. Pierre*, the First Circuit acknowledged that there are cases where violations of the accounting standards by the tax return preparer can have a bearing on any under-reporting of income. *See St. Pierre*, 599 F.3d at 23. Specifically, the court stated that "Cases can be imagined where an accountant's neglect could bear on the likelihood that a taxpayer's under-reporting was due to honest reliance rather than deliberate dishonesty. And, although not at all a straightforward inference in this case, in some situations the professional standards governing accountants might in turn have some bearing on whether there was such neglect." This is one of those cases.s

The nature of this defense is important when comparing the charges against the Defendant with the facts in *St. Pierre*. Specifically, there is no evidence, and the government does not suggest in its motion that Defendant received any warnings from the accountants, including Mr. Agle and Mr. Runyan. *St. Pierre*, 599 F.3d at 23. Likewise, there is no suggestion that Defendant diverted funds for his personal use (as opposed to leaving the money invested in the real estate business, he had with his business partner) or that Mr. Rampello created any false documents to hide income. *Id*. (evaluating the charges for tax evasion and violation of 26 U.S.C. § 7212)). None of the facts identified by

the First Circuit are present and the testimony of Mr. Dellinger should be permitted when it will further Defendant's good faith defense. If the Defendant was not concealing anything and these accountants should have inquired about his source of income, then such testimony would be relevant to a good faith defense and support an argument that he was not put on notice that any alleged underreporting violated the law.

Finally, the Eleventh Circuit's decision is also distinguishable. *See United States v. Horner*, 853 F.3d 1201, 1211-12 (11th Cir. 2017). In *Horner*, the Eleventh Circuit affirmed the refusal to give defendant's due diligence instruction when there was no evidence in the record to support giving the instruction. *Id*. The Eleventh Circuit concluded there was no evidence at trial to support issuing the instruction. Furthermore, *Horner* did not involve the exclusion of any expert or testimony regarding any due diligence requirements. In this case, Defendant believes there will be evidence in the record that would make the relevance clear. Defendant also does not believe it should be excluded under Fed. R. Evid. 403.  With proper instructions, the jury should understand the government's burden and any good faith defense put forth by Defendant. The issue of whether to give a due diligence instruction will also be an issue to be discussed at a conference to discuss jury instructions.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's motion.

DATED: 3/19/2022				Respectfully submitted,


						By /S/
						_____
						Chad D. Nardiello
						Attorney for Defendant