Chad D. Nardiello, Bar No. 224837
Chad@nt-llp.com
NARDIELLO TURANCHIK LLP
1880 Century Park East, Suite 716
Los Angeles, CA 90067
(310) 201-0123 Tel
(310) 201-0126 Fax

Benjamin L. Tompkins, Cal. Bar. No. 305024
ben@kennyhertzperry.com
KENNYHERTZ PERRY, LLC
2000 Shawnee Mission Pkwy, Ste. 210
Mission Woods, KS 66205
Tel: 816-527-9447
Fax: 855-844-2914

Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>JOHN W. RAMPELLO,<br><br>　　　　Defendant. | No. CR 8:21-00065-DOC<br><br>DEFENDANT'S RESPONSE TO STATEMENTS IN PLAINTIFF'S TRIAL MEMO REGARDING DEFENDANT'S EXPERT AND SUMMARY WITNESS GARY HOWARD, CPA<br><br>Hearing Date: March 22, 2022<br>Hearing Time: 8:30 AM<br>Location: Courtroom of the<br>Hon. David O. Carter<br><br>**Trial Date: March 22, 2022** |

　　　Defendant John W. Rampello ("Defendant"), both individually and by and through his counsel of record, Chad Nardiello, and Benjamin L. Tompkins, hereby responds to Plaintiff's Trial Memo containing statements about Defendant's expert and summary witness Gary Howard, CPA, which was filed on March 18, 2022.

**INTRODUCTION**

Plaintiff's Trial Memo includes numerous statements regarding the purported insufficiency of Defendant's disclosure regarding its summary and expert witness Gary Howard, CPA. Plaintiff indicates that it may seek to exclude him due to Defendant's alleged failures. Plaintiff is incorrect. Plaintiff fails to consider that Mr. Howard is primarily testifying as a summary witness under Fed. R. Evid. 1006, and that such testimony necessarily requires explanation of tax law and tax return preparation concepts. Only the latter subjects are expert in nature. Defendant has provided in excess of eight pages of written correspondence, numerous exhibits, and references to hundreds of pages of source documents in Plaintiff's own discovery production regarding Mr. Howard's testimony. Some of Defendant's disclosures were in response to Plaintiff's request while some were initiated by Defendant. Plaintiff has no outstanding requests at this time but raises general unspecific assertions in its trial memo which are incorrect. As will be described in greater detail below, Defendant has fully complied with its Rule 16 obligations such that exclusion would be improper. Moreover, the law requires more than disagreement to support an exclusion sanction: willful omission is necessary.

**ANALYSIS**

**A. Plaintiff In Its Trial Memo Expresses Dissatisfaction With Defendant's Explanations Of Mr. Howard's Anticipated Testimony**

Plaintiff's Trial Memo makes the following allegations regarding Defendant's disclosures of Mr. Howard's testimony:

2

1. "[T]he government is still waiting on a proper expert disclosure that express[es] the nature of Mr. Howard's opinions and the bases and reasons for those opinions as required under Federal Rule of Criminal Procedure 16(b)(1)(C)."[1]
2. "[T]he government has also informed defendant that we would object to several of the areas of testimony to which defendant has stated he would attempt to have his expert testify, including having his expert testify to defendant's 'beliefs.'"[2]
3. "[T]he government still believes the disclosures are lacking."[3]
4. "If defendant fails to properly disclose the necessary information pursuant to Rule 16(b), the government may need to object to his calling of Mr. Howard."[4]
5. "The government, at a minimum, believes the parties will need to address the scope and content of Mr. Howard's testimony with the Court prior to Mr. Howard testifying."

Collectively, Plaintiff's statements suggest that it is attempting to preserve its ability to object to Mr. Howard's testimony as he provides it.  Of course, that is Plaintiff's right.

---

[1] Plaintiff's Trial Memo, Dkt. No. 31, pg. 9.
[2] *Id.*
[3] *Id.*
[4] *Id.*

3

It is incorrect however that Defendant has not met its Rule 16 disclosure obligations as Plaintiff asserts.

**B. Plaintiff Has Lost Sight Of The Nature Mr. Howard's Testimony**

Mr. Howard's testimony is predominantly that of a summary witness pursuant to Fed. R. Evid. 1006. He has examined voluminous records, prepared summary exhibits and will testify about those exhibits. Examples include adding up business expenses and preparing a summary chart, creating a list of tax losses gleaned from tax returns, and examining financial instruments and summing them to show cash flow on a chart. These subjects and ones like them will account for the majority of Mr. Howard's testimony. Defendant has already produced to Plaintiff each of Mr. Howard's summary exhibits. Defendant has also shared with Plaintiff the underlying source documents all of which are admissible. In fact, Defendant estimates that in excess of 90 percent of the source documents are from Plaintiff's discovery productions.

**C. Defendant's Expert Disclosures Exceed Rule 16's Standard**

Pursuant to Rule 16(b)(1)(C), a defendant is required to disclose the expert's opinions as well as the bases and reasons therefore. Plaintiff asserts that Defendant has not met this obligation and that exclusion of Mr. Howard's testimony in its entirety or portions thereof may be appropriate.

The Ninth Circuit has explained that "[e]xclusion is an appropriate remedy for a discovery rule violation only where 'the

4

omission was willful and motivated by a desire to obtain a tactical advantage.'"[5]  Defendant's conduct has been exactly the opposite.

Defendant first disclosed Mr. Howard's testimony, which is largely that of a summary witness, and curriculum vitae approximately one month in advance of trial, i.e., February 24, 2022.  Defendant followed that with four additional disclosures, including exhibits and references to source documents, on March 3, 3022, March 14, 2022, March 15, 2022, and March 16, 2022.  The more recent letters relate to summary exhibits or revision to previously disclosed exhibits.  Some of the disclosures were in response to Plaintiff's letter requests while others were initiated by Defendant.  Defendant has not received a letter from Plaintiff with specific concerns regarding Mr. Howard's testimony since Defendant's March 14, 2022 letter.  Defendant has been nothing if not persistent in attempting to meet its disclosure obligation.

Plaintiff's Trial Memo of March 18 asserts that Plaintiff understands that Mr. Howard will testify regarding "defendant's 'beliefs.[6]'"  In fact, Defendant's March 14 letter, in response to Plaintiff's March 8 letter, stated the following: "This is to confirm that Mr. Howard will not be a source of testimony for Defendant's beliefs or mental state."

Plaintiff also asserts that it is "still waiting" for Mr. Howard's opinions, bases and reasons.  Defendant has repeatedly provided those

---

[5] *United States v. Finley*, 301 F.3d 1000, 1018 (9th Cir. 2002).
[6] Plaintiff's Trial Memo, pg. 9.

points. For example, Defendant has advised that one of Mr. Howard's findings is that "Defendant forewent business expenses that are not reflected in Defendant's returns or the Revenue Agent's analysis provided by Plaintiff." This type of testimony is typical of what Mr. Howard will discuss. It primarily relies on summary witness type testimony but requires explanation of the deductibility of business expenses and how such expenses are deducted, or in this case not deducted, on a tax return. The bases and reasons for the testimony are the tax law and the underlying facts, i.e., Defendant did not take the deductions. References to the legal principles were included in Defendant's disclosures even though they are obvious. And the relevant facts, i.e., Defendant did not take a deduction, were also provided, including in this example directly in the opinion.

For perspective, Defendant notes that another court in this Circuit has determined that a simple general paragraph suffices for Defendant's Rule 16 expert disclosure.[7] Here, Defendant has provided in excess of eight pages of written correspondence describing Mr. Howard's anticipated testimony. In addition, Defendant has disclosed numerous summary exhibits and provided references to hundreds of pages of Plaintiff's own discovery production for Mr. Howard's testimony. Defendant has met and exceeded its Rule 16 obligation.

---

[7] *See United States v. Larkin*, No. 212-cr-319-JCM-GWF, 2015 WL 3555295, at *3 (D. Nev. June 5, 2015) ("Defendant provides at least a single paragraph summary for each witness describing his opinions and the basis for those opinions.").

**CONCLUSION**

For the foregoing reasons, Defendant objects to any assertion that he has not met his Rule 16 obligations with respect to Mr. Howard's anticipated testimony.

DATED: 3/20/2022                         Respectfully submitted,


                                         By /S/
                                            _____
                                            Chad D. Nardiello
                                            Attorney for Defendant